RECEIVED
IN ALEXANDRIA, LA
AUG 14 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **SHETOKA M. HOLDEN** | **CIVIL ACTION NO. 05-0984** |
| -vs- | **JUDGE TRIMBLE** |
| **ALLIANCE COMPRESSORS, L.L.C.** | |

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a motion for summary judgment [Doc. #9] filed by defendant Alliance Compressors, L.L.C. ("Alliance"). Plaintiff Shetoka M. Holden ("Holden") did not file an opposition to Alliance's motion.[1] For the following reasons, the defendant's motion for summary judgment will be GRANTED.

## BACKGROUND

An African-American female, Holden worked in the scroll-machining division of Alliance's Natchitoches, Louisiana, compressor manufacturing plant from approximately 19 December 2000 until her discharge on 11 November 2003. The position involved working ten hours per day Monday through Thursday. Holden's job required some lifting of metal parts, the heaviest set of objects weighing 10.727 pounds.[2] Her pay rose from approximately $7.50 per hour in 2000 to approximately $10.60 per hour at the time of her discharge.

---

[1] The last pleading received by this court from the plaintiff was the joint plan of work filed on 27 September 2005 [#7].

[2] See Mem. 3. Plaintiff's complaint alleges that her job "required that she carry and lift metal weighing as much as 40 pounds." Compl. ¶ 7. She later admitted, however, that this figure was "an assumption." Mot., Ex. A, p. 40, ln. 14.

Holden became pregnant in early 2003. Her doctor restricted her to lifting no more than ten pounds on 11 March 2003, and Holden conveyed this restriction to Alliance. She requested leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), on 18 March 2003, and this request was approved on 26 March 2003. Mot., Ex. A, Exs. 11-12. She continued working until 9 April 2003, underwent a cerclage to prevent premature dilation of her cervix on 11 April 2003, and delivered a premature baby on or about 17 June 2003. Holden initially took vacation leave and then began her FMLA leave, which extended through July 30, 2003. Mem. 6. Holden was able to return to work on or about 1 August 2003 and was restored to her previous position with commensurate pay and benefits. At this point, she had exhausted all her available leave, including personal, vacation, and FMLA leave. Statement Uncontested Material Facts ¶ 11 [#9]. Because her baby continued to experience medical problems resulting from the premature birth, however, Holden missed work, accumulating attendance points for her absences. Ultimately, Holden was terminated for absenteeism on 11 November 2003.

On 23 July 2004, Holden filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC informed Holden on 10 March 2005 that it had closed the file on her charge because it was "unable to conclude that the information obtained establishe[d] violations of the statutes." Compl., Ex. A. She filed the instant lawsuit in this court on 7 June 2005 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pregnancy Discrimination Act Amendment ("PDA"), 42 U.S.C. § 2000e(k) [#1]. Alliance answered the complaint on 18 August 2005

[#5]. Holden seeks compensatory damages, punitive damages, attorney's fees, a permanent injunction prohibiting future discrimination, medical expenses, a jury trial, and reinstatement to her position with Alliance.

## DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

3

587 (1986).³ Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence–not argument, not facts in the complaint–will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. Hibernia Nat'l Bank v.

---

³ Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). When a nonmovant fails to provide a response identifying the disputed issues of fact, however, the court may accept the movant's description of the undisputed facts as prima facie evidence of its entitlement to judgment. Eversley v. Mbank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1999). The record is clear that Alliance served its motion for summary judgment on plaintiff, through her counsel, on 30 May 2006. Local Rule 7.5W requires a respondent opposing a motion to file a "response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days after service of the motion."

## B. Discrimination Claims

Title VII of the 1964 Civil Rights Act "prohibits various forms of employment discrimination, including discrimination on the basis of sex." California Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 276-77, 107 S. Ct. 683, 687 (1987). The enactment of the PDA added "pregnancy, childbirth, or related medical conditions" to the definition of sex discrimination under Title VII. See 42 U.S.C. § 2000e(k). A claim under the PDA is analyzed like Title VII discrimination claims in general. See Garcia v. Woman's Hosp., 97 F.3d 810, 812-13 (5th Cir. 1996). Under Title VII, it is also "an unlawful employment practice for an employer to . . . discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).

To establish a prima facie case of discrimination under Title VII, a plaintiff can prove her claim either through direct evidence, statistical proof, or the test established by the

Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See also Chaffin v. John H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999) ("McDonnell Douglas has proved an enduring guide for courts addressing claims under various statutes, including Title VII") (internal citation omitted). The McDonnell Douglas test requires the plaintiff to show: (1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. Once the employer articulates a legitimate, nondiscriminatory reason for the employment action, however, the scheme of shifting burdens and presumptions "simply drops out of the picture," and "the trier of fact proceeds to decide the ultimate question: whether plaintiff has proved that the defendant intentionally discriminated against [her] because of [her sex]." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 510-11, 113 S. Ct. 2742, 2749 (1993) (internal citation and quotation marks omitted). In the absence of any direct proof or statistical evidence offered by Holden to substantiate her claim, we apply the McDonnell Douglas test.

Holden contends in her complaint that, although she informed Alliance of the lifting restriction imposed by her doctor, her supervisor, Larry Cole, still refused to allow her to comply with the restriction. This argument fails for three reasons. First, the maximum weight that Holden had to lift at a time was 10.727 pounds, not 40 pounds as she alleges in her complaint. Mem. 3. In addition, Alliance complied with the weight restriction on or about 9 April 2003. Statement Uncontested Material Facts ¶ 5. Finally, Frederick J. Kinder, M.D., Holden's obstetrician/gynecologist, testified that even if there had not been any weight restriction, it would not have impacted her premature labor and delivery. Mot., Ex. I, p. 43,

lns. 5-10.

Holden also alleges that other Alliance employees exceeding the maximum number of points under the company's attendance policy were allowed to maintain their employment with the company. She claims that at least eight white employees exceeded the ten-point limit under the policy while retaining their jobs with Alliance. Compl. ¶ 33. She further alleges disparate treatment as compared to her white and male co-workers. Id. ¶ 34. We apply the same burden-shifting analysis to Holden's claims of discriminatory discipline and discharge.

Even if Holden were able to meet the first three elements of the McDonnell Douglas test, there is no evidence in the record that Holden was treated any differently than any other employee who failed to comply with Alliance's attendance policy. See Stout v. Baxter Healthcare Corp., 282 F.3d 856, 860 (5th Cir. 2002) (finding that similar policy did not violate PDA). Alliance has demonstrated that it discharged equal numbers of African-American and Caucasian employees from Holden's division of Alliance for violating the attendance policy. Mem. 16; Mot., Ex. F. Again, Holden has not come forward with any credible evidence to create an issue of fact with respect to this claim. As such, her arguments fail.

In contrast, in cases in which "the employee concedes that discrimination was not the *sole* reason for her discharge, but argues that discrimination was *a* motivating factor in her termination," the Fifth Circuit has instead applied a mixed-motive framework. Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 333 (5th Cir. 2005); Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (observing that Supreme Court's holding in Desert Palace,
7

Inc. v. Costa, 539 U.S. 90, 123 S. Ct. 2148 (2003), modified the McDonnell Douglas analysis). "In Desert Palace the Supreme Court applied the mixed-motives analysis because, '[o]n its face, [Title VII] does not mention, much less require, that a plaintiff make a heightened showing through direct evidence.'" Rachid, 376 F.3d at 311 (quoting Desert Palace, 539 U.S. at 97, 123 S. Ct. at 2153).

Under this "modified McDonnell Douglas approach: the plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." Id. at 312 (internal citations and quotation marks omitted). If the employee proves that discrimination was a motivating factor in the employment decision, the burden again shifts to the employer, this time to prove that it would have taken the same action despite the discriminatory animus. Id. The employer's final burden "is effectively that of proving an affirmative defense." Richardson, 434 F.3d at 333 (internal citation omitted).

Here, as previously discussed, it is far from clear that Holden has established a prima facie case of discrimination. Her requests for personal, vacation, and FMLA leave were all approved. In addition, she was restored to her position and compensation level upon her return to work. Even if she had established such a case, Alliance has responded with a

8

legitimate, non-discriminatory reason for terminating Holden–namely, her unexcused absences from the job. Her pregnancy was not the reason for her discharge. Holden has not come forward with any evidence to create a genuine issue as to the possibly pretextual nature of her dismissal or that her race or pregnancy were motivating factors in her dismissal. Because there is no genuine issue of material fact and Alliance is entitled to judgment as a matter of law, summary judgment is proper.

C. **Attorney's Fees**

Alliance seeks to recover attorney's fees as a prevailing party pursuant to 42 U.S.C. § 2000e-5(k). While a prevailing Title VII plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, the Supreme Court has set out a more rigorous standard for awarding attorney's fees to prevailing defendants. Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001); Butler v. Rapides Foundation, 365 F. Supp. 2d 787, 792 (W.D. La. 2005) (Little, J.) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416, 421, 98 S. Ct. 694, 698, 700 (1978)). While Congress wanted to "make it easier for a plaintiff of limited means to bring a meritorious suit," it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." Dean, 240 F.3d at 508 (quoting Christiansburg, 434 U.S. at 420, 98 S. Ct. at 700).

A district court may, in its discretion, award attorney's fees to a prevailing Title VII defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg, 434 U.S. at 421, 98 S. Ct. at 700. A suit is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." Walker v. City of Bogalusa, 168 F.3d 237, 240 (5th

Cir. 1999) (internal citation omitted). Attorney's fees for prevailing defendants, thus, are presumptively unavailable unless a showing is made that the underlying civil rights suit was "vexatious, frivolous, or otherwise without merit." Dean, 240 F.3d at 508.

In the instant case, the defendant, Alliance, is the prevailing party seeking attorney's fees. The court must exercise its discretion in determining whether Alliance is entitled to a reasonable fee award. As discussed supra, Holden has presented no evidence, let alone credible evidence, to support her Title VII claims against Alliance. Given the lack of evidence and the numerous inconsistencies in Holden's complaint identified by Alliance, the court concludes that Holden's complaint was utterly without basis in law or in fact such that it was frivolous, groundless, and without foundation. See Butler, 365 F. Supp. 2d at 794. As such, Alliance is entitled to an award of attorney's fees as part of the costs under § 2000e-5(k).

## CONCLUSION

Based on the foregoing reasoning, the defendant's motion for summary judgment will be GRANTED. Holden's complaint will be DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

11 August 2006

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE