UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 10 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

| | |
|---|---|
| SHETOKA HOLDEN | CIVIL ACTION NO. 05-CV-0984-A |
| -vs- | |
| ALLIANCE COMPRESSORS, L.L.C. | JUDGE TRIMBLE |

## MEMORANDUM RULING

Before the Court is a Motion for Award of Attorney Fees and Costs [Doc. # 13] filed by defendants on August 23, 2006. For the reasons discussed below, defendant's motion is GRANTED.

## BACKGROUND

Plaintiff, Shetoka Holden, filed suit against Alliance Compressors, L.L.C. ("Alliance"), her employer in June of 2005, alleging discrimination on the bases of race and pregnancy. Defendant, Alliance, filed a Motion for Summary Judgment [Doc. # 9] which was granted by this Court in a Memorandum Ruling [Doc. # 11] dated August 14, 2006.

Defendant now comes before this Court requesting attorney fees and costs associated with the defense of the matter instituted by plaintiff.

## DISCUSSION

42 U.S.C.A. §2000e-5(k) states that prevailing parties are, at the discretion of the court, entitled to reasonable attorney fees. This statute is applicable to the instant matter because plaintiff's suit was filed under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act Amendment (42 U.S.C.A. §2000 *et seq.*).

In order to calculate the amount of reasonable attorney fees and costs that may be assessed against plaintiff in this case, we must conduct an analysis under the reasoning of the Fifth Circuit in cases like Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir. 1995) and Migis v. Pearle Vision, 135 F.3d 1041 (5th Cir. 1998). Under the lodestar approach, we must multiply the reasonable hourly rate charged by counsel by the reasonable number of hours expended on the matter. Defense counsel in the instant case provides the Court with documentation of 265.9 hours, at a rate of $140.00 per hour for attorney work and $75.00 per hour for paralegal work, as well as an affidavit affirming the fees billed and costs incurred. Given the serious nature of plaintiff's allegations, the length of duration of the suit, and the work undertaken by counsel to defend against plaintiff's suit, we find defendant's requested hours and hourly rate reasonable as required by law.

While this Court is, by law, also entitled to make adjustments to the lodestar amount using the factors set out in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974), we decline to do so, finding no reasonable basis upon which to make such adjustment. Plaintiff was entitled to respond to defendant's present motion and, in that responsive pleading, set forth defenses and other arguments which this Court might have examined as factors in support of an adjustment. Plaintiff chose not to respond and, as such, we are bound to rule on defendant's motion as it stands.

## CONCLUSION

Having reviewed defendant's motion and supporting documentation, this Court finds that defendants are entitled to attorney fees in the amount of $34,972.50 and costs in the amount of $9,175.57 under applicable law and jurisprudence.

Alexandria, Louisiana

16 October, 2006

                                                        _____
                                                        JUDGE JAMES T. TRIMBLE, JR.
                                                        U.S. DISTRICT JUDGE